# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0424, <u>John Doe v. New Hampshire Division of State Police & a.</u>, the court on December 10, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, John Doe, appeals an order from the Superior Court (<u>Schulman</u>, J.) dismissing his complaint against the New Hampshire Division of State Police (the Division) and the New Hampshire Attorney General's Office (collectively, the State). The plaintiff argued in his complaint that he was improperly placed on the Exculpatory Evidence Schedule (EES) pursuant to RSA 105:13-d (2023) because the conduct described in his personnel file was not potentially exculpatory. On appeal, the plaintiff argues that the trial court erred when it failed to consider the arguments advanced in his motion to reconsider regarding the impact of his disability on his memory. We affirm.

We accept the following factual allegations set forth in the plaintiff's pleadings as true for the purposes of this appeal. <u>See</u> <u>Barufaldi v. City of Dover</u>, 175 N.H. 424, 425 (2022). In 2018, while working as a trooper for the Division, the plaintiff arrested a woman whom he later contacted — by text message using his personal cellphone — regarding personal property that she had left in his police cruiser. The text communication was reported to the Division.

In June 2018, the plaintiff's supervising lieutenant met with the plaintiff and told him that he should not use his personal cellphone to contact members of the public. The lieutenant asked if the plaintiff had previously contacted other members of the public using his personal cellphone. The plaintiff answered in the negative.

In July 2018, the lieutenant became aware of a lengthy text exchange between the plaintiff and a different arrestee using the plaintiff's personal cellphone that began in May 2018 (the May 2018 text messages). When the lieutenant confronted the plaintiff about the newly discovered text messages, the plaintiff apologized for not being "truthful" during the June 2018 meeting. The Division opened an internal investigation, during which the plaintiff again apologized for not being "truthful" with the lieutenant in June 2018 when he denied previously using his personal cellphone to communicate with members of the public.

The plaintiff subsequently met with three Division officers to discuss the contents of the text messages and his admissions that he had been untruthful with the lieutenant. He failed to rebut the allegations and he was terminated from his position. Shortly thereafter, the plaintiff's name was added to the EES.

In 2021, the plaintiff filed a complaint in which he argued that he is entitled to removal from the EES because his conduct is not potentially exculpatory under RSA 105:13-d. He argued that his conduct is not potentially exculpatory because he "was not thinking about" the May 2018 text messages when he answered the lieutenant and, rather, was truthfully representing that he was not at that time contacting other arrestees. Further, the plaintiff argued that his July 2018 apologies for being untruthful with the lieutenant do not warrant his inclusion on the EES because he was merely adhering to his military training when he accepted responsibility for his actions after he was confronted by superiors.

The State filed a motion to dismiss. The trial court granted the State's motion, ruling that the plaintiff had "lied in the course of an official investigation into his alleged misconduct," which is "grounds for inclusion on the EES" regardless of whether he lied to the lieutenant initially or lied about lying to the lieutenant during the subsequent investigation.

The plaintiff then moved for reconsideration. He argued, for the first time, that his placement on the EES is improper because he suffers from a disability that caused him to forget the prior text messages. He further argued that the symptoms of his disability, including "anxiety" and "impaired judgment," resulted in him admitting to lying despite not having done so, and that he did not intentionally misstate the truth. The trial court denied the motion on the grounds that the plaintiff had lied during the investigation into his alleged misconduct.

On appeal, the plaintiff argues that the trial court erred when it declined to consider his arguments — raised for the first time in his motion to reconsider — regarding the impact of his disability on his memory when determining that his admissions to being untruthful warranted placement on the EES. Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court. Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 726 (2010). We review the trial court's ruling for an unsustainable exercise of discretion and will not overturn it unless the plaintiff can show the court's ruling was clearly untenable or unreasonable to the prejudice of his case. See id. Assuming, without deciding, that the trial court should have considered the plaintiff's new facts and arguments, we conclude that the trial court did not err because the plaintiff's disability does not negate the potentially exculpatory nature of his conduct.

When reviewing a trial court's ruling on a motion to dismiss, we consider whether the allegations in the pleadings are reasonably susceptible of a construction that would permit recovery. Doe v. N.H. Attorney Gen. (Activity Logs), 176 N.H. 806, 812 (2024), 2024 N.H. 50, ¶13. We assume the pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law. Id. We will uphold the granting of a motion to dismiss if the facts pled do not constitute a basis for legal relief. Id.

RSA 105:13-d, I, provides that "[t]he department of justice may voluntarily maintain an [EES]" which "shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence." The statute further provides that an officer may challenge his or her placement on the EES in the superior court, and "the individual's name and corresponding information will become public" unless "a court issues an order finding that the underlying misconduct is not potentially exculpatory" or "[a] court issues an order finding that the law enforcement agency erred in recommending that the officer be placed on the [EES]." RSA 105:13-d, II(a)-(d).

At issue in this case is whether the plaintiff's conduct constitutes "potentially exculpatory evidence" as contemplated by RSA 105:13-d, I. Recently, in Doe v. New Hampshire Attorney General (Activity Logs), we held that "potentially exculpatory evidence" under RSA 105:13-d, I, "is evidence, including impeachment evidence, that is reasonably capable of being material to guilt or to punishment." Doe (Activity Logs), 176 N.H. at 814, 2024 N.H. 50, ¶18. In reaching our conclusion, we explained that the considerations bearing upon the admissibility of evidence are relevant to the determination of whether information is "potentially exculpatory" such that an officer's inclusion on the EES is warranted. Id. at 815, 2024 N.H. 50, ¶20. "If there is no reasonably foreseeable case in which 'potentially exculpatory evidence' relating to an officer's conduct would be admissible," then an officer's inclusion on the EES is not warranted. Id.

Here, the plaintiff claims that he forgot the May 2018 text messages due to his disability and, therefore, that he was not lying when he told the lieutenant in June 2018 that he had not texted other members of the public. He further claims that he falsely admitted to being untruthful with the lieutenant after he was confronted by the lieutenant in July 2018 with the additional text messages and during the July 2018 internal investigation. The plaintiff argues that his false admissions were caused by a combination of his disability impairing his ability to process the information and respond correctly and his adherence to his military training to accept responsibility when confronted by superiors.

Regardless of the justifications offered by the plaintiff, his conduct warrants inclusion on the EES because it reflects on his "general credibility." See id. (noting that the conduct's "materiality to an officer's general credibility" factors into whether inclusion on the EES is warranted); see also Gantert v. City of Rochester, 168 N.H. 640, 650 (2016). The plaintiff's misstatements of fact justify his placement on the EES because they "reflect[] on the plaintiff's general credibility" even if "the plaintiff did not intentionally falsify" his answers. Gantert, 168 N.H. at 643, 650; see also Doe (Activity Logs), 176 N.H. at 815, 2024 N.H. 50, ¶20.

Further, despite the plaintiff's assertion that his disability caused him to admit that he had been untruthful with the lieutenant, his admissions to being untruthful with the lieutenant could still foreseeably be the subject of inquiry for impeachment purposes. See State v. Kornbrekke, 156 N.H. 821, 826-27 (2008) (concluding that witness's seven-year-old statements were probative of a character for truthfulness, despite State arguing the witness had not lied, because "inconsistency exists between the complainant's original allegation and her later recantation, and this inconsistency can be used to impeach her credibility"). Therefore, whether the plaintiff's conduct was caused by his disability, his military training, or a combination of both, it does not negate the potentially exculpatory nature of his conduct because it is still "reasonably foreseeable" that his conduct could be used in a future case to impeach his credibility and because it is "reasonably capable of being material to guilt or to punishment." Doe (Activity Logs), 176 N.H. at 814-16, 2024 N.H. 50, ¶¶18, 20-24. Accordingly, the plaintiff's placement on the EES is proper.

The plaintiff raises two more arguments in his brief. First, he references the Americans with Disabilities Act, 42 U.S.C. § 12101, and summarizes New Hampshire law prohibiting unlawful discrimination against people with disabilities in the workplace. However, as the State notes, the plaintiff offers no analysis beyond quoting the statutes. Therefore, we conclude that the argument is insufficiently briefed for our review. See State v. Roy, 167 N.H. 276, 292 (2015) (declining to address an insufficiently developed argument).

Second, the plaintiff argues that, even if his name and corresponding information were rightly included on the EES, the designation next to his name on the EES should be changed from "credibility" to "medical condition" because it is more "probable than not" that his disability caused his actions than dishonesty. However, this argument is raised for the first time in the plaintiff's brief. We have consistently held that we will not consider issues raised on appeal that were not presented in the trial court. See LaMontagne Builders v. Brooks, 154 N.H. 252, 258 (2006). Therefore, we decline to address this argument.

4

For the foregoing reasons, we conclude that the trial court did not err when it granted the State's motion to dismiss and denied the plaintiff's motion to reconsider. Accordingly, we affirm.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**